Good afternoon. Illinois Appellate Court First District Court is now in session. The Sixth Division, the Honorable Justice Michael B. Hyman presiding, case number 23-0366, Triple A Group Contractors v. Ahmed Alkilani. Good afternoon. Just those that are going to be arguing, if you're not arguing, you should have your picture on. So, okay. I'm Michael Hyman presiding over this panel. With me is Justice Carl Anthony Walker and Justice Celia Amrath. We're going to conduct ourselves as if we were in the courtroom. Each set has 20 minutes. Pellant, please tell us how much time you want to reserve for rebuttal. And if you each could please introduce yourselves. Good afternoon, Judge. David Slice on behalf of the appellant. You can have your picture on. It says the host shut it off, Judge. I apologize. Oh, no. Mr. I'm sorry. I'm sorry. Mr. Rafferri, if you could shut off. Are you arguing? Myself, Mr. Rafferri. Yeah, I'm here in conjunction with Mr. Slice on behalf of the appellant, Judge. I understand. But are you arguing? Yes, I will be making a couple of statements. I will be conducting the argument, Judge. I didn't see Mr. Rafferri. I didn't see your name on the his attorney for appellant. Did I miss something? I think I've had an appearance on the case the entire time, Judge. In the appellate court? You didn't file a brief? No, I didn't file a brief. I was the trial attorney. I understand that. I've read. We've read everything. OK. But this is the appellate court. And the only. Unless did you file an appearance in the appellate court? I believe he did, Your Honor. I did. On behalf of whom? I'm with Mr. Slice on behalf of the appellant, Mr. Al-Khulani. Mr. Slice, your name is the only one on the brief, so. That is correct, Your Honor. And I will be delivering the argument. I would like to reserve 90 seconds for rebuttal. OK, but what about Mr. Rafferri? Is he going to see? Do you have any agreement with him or? Not in terms of delivering the arguments today, Judge. This is kind of unorthodox that somebody who's not on the brief and had a conflict with the appellant. Therefore, I don't see how you could possibly argue on his behalf. I was here today, Judge, just to confirm I can log off and. You can watch. I welcome you. I'm not asking you to not watch. I was right to participate is a different issue. I'll ask my colleagues, you know, if they may have a different view. I will say that Mr. Rafferri filed an appearance in the appeal on August 10, 2023. On behalf of whom? The appellant. That's OK, Judge, I'm going to make everybody's life easier today. The question I would ask Justice Hyman is that I don't think the conflict was ever rectified in the trial court. It seems as though the conflict continued to exist, and I'm not sure if there's still a conflict today. So it's maybe in Mr. Rafferri's best interest not to take part. That is what I was going to suggest. Thank you, Your Honor. If I can just watch, that would be great. It would be a great experience for me. But I'll mute myself and I'll take my video off. Thank you. Thank you. OK. Mr. Brodsky, please introduce yourself. Thank you, I'll mute. I apologize. I didn't realize I was muted. Doug Belofsky on behalf of the Appalese AAA Group Contractors, Basil Alshuwaite and Abedmawaf Alshuwaite. All right, thank you. Mr. Sloyce, you may proceed. May it please the court. My name is Attorney David Sloyce. I represent the appellant in this matter. There are two primary issues before this court today. The first is whether the trial court erred in denying defendants 1401 petition for relief and judgment on the basis that the summons and the service of process was not invalid. Second, whether the trial court erred in denying defendants 1401 petition the fact-based portion of its petition on the basis of diligence. There are two standard of reviews to be applied. On the first issue, the standard review is de novo. On the second issue, the standard review is abuse of discretion. In both instances, though, the appellate court's job remains clear according to the case law, specifically, Paul versus Gerald Adelson and Associates, whereas wherein it states that reviewing court's job is to review the legal adequacy of the decision of the trial court, as well as whether or not it's within the bounds of reason. And we will posit that on review under such a standard, the court should conclude on either instance, on either issue that the court did render the incorrect result. Turning to the first issue, which is the law of summons, CTAS, Federal Credit Union versus Johnson, posits that in the event of substitute service, which is the issue in this case, strict compliance with the statute is required. Section 2-201 of the Code of Civil Procedure. But as far as the strict compliance with the statute was done, your complaint, I don't mean to use the word complaint, but your claim, probably a better word, is that the complaint was not signed, correct? Is that the complaint was not signed and the summons was facially invalid. Well, there were errors with regard to spelling, a couple of errors with regard to spelling. Sometimes it was right, sometimes it was wrong. That is correct. That is correct. There were issues with the summons. But that's in the summons itself. And looking at the case law, those, the question is whether it gives notice to the recipient. And I don't see how those two spelling errors would not give notice to your client that he was being sued. So I would, I would posit there's additional facts that the court should consider in that regard. Two of the plaintiff's names are misspelled as well as the defendant. And the contract that came up, that the subject matter of the complaint arises from, identifies a completely different address than the address of my client and includes the name of one of the plaintiffs. So it was extremely peculiar set of circumstances in addition to that. That's in the summons itself? I was answering your honest question as to notice. Yes. Notice. Yes. Yeah. The summons itself has two plaintiff's names misspelled and the defendant's name misspelled in the case caption. And the case law concerning summonses is pretty sparse. The error we assigned to the trial court was the trial court concluded that the summons was proper because there is substantial compliance and cited a student of its versus Queens Park Oval Asset Trust as the supporting authority. That case does not stand for any such proposition. They didn't enunciate any such rule, even indicated there is no bright line rule when it comes to such matters. Now, I would agree with your honor that when reviewing a summons, the court's discretion is limited solely to the contents of the summons. However, we raise additional arguments. And I think this is where strict compliance with the actual process, as well as 2-201, which indicates the complaints began or cases began with the filing of a complaint and then summons should issue and all such matters of process shall be in accordance with the rules. And this is the highlight. Mr. Weiss, I don't want you to keep going with this because the strict compliance relate to strict compliance as to the service of the summons. And that's not really the real issue here. So you might have some real issues. So why don't you go ahead and move on to your other issues? Certainly, under 2-201 against summons and the complaint and all other matters of process must be in accordance with the rules. And under Supreme Court Rule 137, every complaint must be executed and the return of service in this case- But we know here they corrected it and Rule 137 allows that. And so again, I don't know where that gets you because they did sign the complaint and it was done pretty quickly when it was brought to their attention. There's nothing to suggest that that was ever sent to the defendant. And that, I think, is the issue. But it's in the record. But at the time that it was done, are you saying it wasn't done? I mean, you're not- I'm stating that when the corrected complaint was filed, there's nothing to suggest that it was ever sent to the defendant. Well, the defendant hadn't made an appearance yet. But in any event, 137, and if you have a case that says otherwise, appears to allow someone to sign something that was not signed originally. I do agree. It contains a cure, if you will, where a party can cure that defective pleading. However, in this case, the return of service indicates that the summons that was received by the sheriff and the complaint is dated October 27, 2021, which would have been the date and the complaint that was unsigned. And so I think it raises an issue as to what was actually served on the defendant in this case and how he perceived that. Mr. Weiss, I really hate to see you waste all your time on that. Can you move on to your second argument?  As to the fact-based component of our petition, we feel that the court erred in either holding an evidentiary hearing or applying the facts in its review and analysis of the defendant's diligence. I'd like to slow down and go through a timetable. Certainly. And confirm what the facts are in the timetable. I think it's important. So with regard to that, let's go to the April 12, 2022. Your client was found to be in default.  And that date, the court entered a judgment for $176,500 costs and and then for punitive damages.  $250,000. Now, my question is, I've read this three times. I know you weren't there. But on the face of it, it doesn't say anything about a factual hearing. That's correct. Where does it say, have you found any transcripts or anything that would show that there was a proven? No, I could only direct your honor to the transcripts that we provided from the hearing. That's well after the fact, right? But this is the important point in time. And you know that factual allegations in the complaint have to be proved up, right? So, and so it is your argument is, if I understand correctly, well, they didn't do have a proven. I mean, there's nothing here to say. And we didn't approve it. That is our argument. I mean, we don't even know, we don't know what those documents are because they're not in the record. But if there was anything, it would, we don't know if there was any testimony. We don't know whether, it doesn't even say that the, who was present. That is correct. Plaintiffs are concerned. That is correct. And this is the official record of that, right? That is the only record that I have. And that is correct, your honor. And I would add to that, that the court's own standing order requires a separate proof of hearing. I would further add to it to support the inference that no such hearing was held. Many attorneys file such motions, myself included. And we don't know ahead of time whether or not I'm actually going to get a default because oftentimes litigants show up to such hearings. So I find it hard to believe that anything was shown. Furthermore, I find it hard to believe that there are no documents or a testimony found in the record to indicate how that proof up was accomplished. If it was, it doesn't say it was a proof up. So that's right. But some, presumably something was done, but nothing is indicated in the record. And that is, it is a glaring issue in the record. Okay, so let's go to May 25th, a little more than a month later. That time when Mr. Rafati files an appearance. That is correct. Okay, now on that same date, there was an order entered and it looks like it was prepared by Mr. Rafati. And it says, having represented to the court that he is appearing generally for defendants and has filed an appearance. And then it goes on to say, he will investigate within his office if he has represented the plaintiffs in this matter in the past and advise counsel accordingly. So apparently there was some question of his ability to continue representation of your client. That is my understanding, yes. Okay, and the court gave your client then 14 days to file a motion to dismiss, even though that he was going to investigate the conflict and say how long he had to do that. And the matter was set over for July 6th. Anything further on that that you think is relevant? No, that is the order. It's my understanding, although it's not indicated in the record that when Mr. Rafati appeared, it was plaintiff's counsel that had issued the objection and raised the issue of a potential conflict of interest. We don't have that in the records. But we don't have that in the record as you indicated. So the next order is July 6th. And that says a stipulation of substitution of counsel will be filed by July 13th, which is a week away. And defendants give us seven days to file motions that deem appropriate. Well, so as I understand this order, and you may have more familiarity with it, they had to get another lawyer. And that other lawyer had to appear seven days to file any motions. They only had seven days to file motions. In seven days, they get a lawyer. So that's pretty hard to do. Although not addressed in the briefs, I think your honor is hitting on one of the rules of professional conduct concerning withdrawals that do provide that courts should accommodate 21 days for replacement counsel to file an appearance. That is the rule, isn't it? That is the rule to my understanding. And I don't see that being done anywhere in the record. Even subsequent to my appearance, which occurred about a month or 40 or so days after, we began the process of diligently investigating the matter and bringing it to the court's attention. And that brings me back to my issue. The facts that were raised, and they're central in this case, simply because they impugn the integrity of the original complaint. And this is language that comes from the Bonanza International case, which although plaintiff Apolli indicates was criticized by everyone, was only criticized in one respect. And that respect was bad notice doesn't mean you can relax diligence. You need more than that. And in our case, and I think in the Bonanza case, there's tremendous analogies here. And the first being in the Bonanza case, the record shows complaint for debt was filed. Judgment was obtained by default. And what was not shown in the court that was raised in the 14-1 petition was that the plaintiff and defendant had a meeting, had literally engaged in conduct that would support the defense of a court in satisfaction and essentially agreed to a reduced amount. And yet, despite that, the plaintiff went to the court and obtained the result of the judgment at a higher amount. Now, are you suggesting though, Mr. Weiss, that that was the case here? Well, no, but it doesn't have to do with the debt at issue. However, it does have to do with the facts because the underlying facts of each case have to be considered in the context of the court. Let's go to the facts of this case. But the facts of this, what's important here. Yes, the facts of this case. In this case, what happened next is very important because, and you just mentioned it, between July 6th and August 17th, what happened is that you appeared.  And that was on August 17th. 19th. No, it's the 17th in the order. But in any event, and then another status is set for September 17th. And so from the time, I just wanna make sure I'm not missing something. That's when you appear. So between May 25th and the date of this order, your client didn't have a consult. Because it was either looking at whether he had a conflict, apparently withdrew, right? Because he says that. That is correct. And you didn't come in till August 17th. That is correct. And then you filed your motion when? I believe the date was September 28th that we filed that petition. Which is a month later, about a month later. Approximately a month later. So what's your response? I mean, considering all that, what does that mean, do you think, in terms of how we should decide this case? Because what the trial court failed to do was consider the unrebutted facts that were presented in the 1401 petition. There was a series of affidavits that were obtained if taken as true, which the court, I think, is obligated to take those as true because they were unrebutted, would have required the court to consider those facts and weigh them against the diligence. And that is literally the standard enunciated by the Supreme Court in Paul v. Gerald Edison and Associates. If the trial court failed to do this, had it done so, it would have realized that it was impossible for the plaintiffs to have done the work that they claimed to have done and reduced to a judgment. And furthermore, the nature of the complaint essentially two-part. They signed a contract to do construction work at the site, allegedly, and there was an option apparently given to acquire equity in the real estate. And the allegation concerning equity is that my client would have effectively given each of these plaintiffs a third. My client didn't have any such interest. Not getting into the depth of the facts, what was the reaction of the judge to your motion? Going again to my timeline. Well, when the motion was filed, the court asked for a briefing schedule and counseled for the plaintiff to file the response. So we had a hearing. Okay, and at that hearing, At that hearing, and I apologize, I don't have the date in front of me, but at the hearing that followed, we argued our position. Obviously, the arguments were transcribed. But the court essentially engaged in what we feel is a single factor analysis. The court focused exclusively on diligence to the exclusion of the facts that came about in the briefs. And by arguing simply from the court's perspective that Mr. Al-Khalani was not diligent before the entry of the default judgment, we argued in response that Mr. Al-Khalani retained counsel and furthermore, his counsel was conflicted. This is not something my client knew, which was also supported by affidavit. And the court didn't give any weight or any consideration to that. And I'm not sure what a litigant could do besides retain counsel upon learning that they may be subject to a lawsuit. And again, I think the peculiar circumstances surrounding service in this case and my client's unrebutted affidavit indicate he wasn't exactly sure what was going on, but he consulted with an attorney. And so here, Mr. Weiss, the date was, by the way, was January 25th of 2023 that this hearing was held. And one of the things that the court said is that he said that you acted promptly in getting the matter before the court. However, your diligence did not excuse the lack of diligence that he found in the matter as to Mr. Rafati. That's correct. And I believe what the court was trying to distinguish was between diligence post-judgment versus diligence pre-judgment and presenting the defenses to the court. And again, it's our position that had the court accepted the facts that we were raising as true, the court should have reduced or relaxed the standard of diligence that it really didn't even indicate what it was. The court didn't indicate what my client needed to do besides retain counsel. And I mean, to state the obvious, Especially in light of the conflict that still doesn't appear to have ever been resolved in the trial court. That is correct. You also raised, you pointed out to the judge that there had been no evidence of approval and the trial court seemed to ignore that and just moved on. I do recall that the court made a comment that the appropriate materials were provided or something to that effect. And no further comment was made because at that point the court had already rendered its ruling. It's at the tail end of the transcript. With that said, the prove up is a major issue for us. Notice of the actual motion is a major issue. And these are issues pre-judgment. The court standing orders that indicate that any default judgment must have a separate proof of date, must be supported by among other things an affidavit of military service, which is missing from the record. There are a series of failures to follow the standing order that I think are extremely important in the context of the 1401 petition and the conduct of the parties prior to. And again, it is the conduct of all of the parties, not just the movement when viewing these petitions. If I may go back to some principles of law that I think support. You only have a few minutes left. Although I guess you have a few minutes, but go ahead, go ahead. I just wanted to alert you to that. Again, diligence can be relaxed or excused to prevent injustice where unconscionable conduct or extraordinary circumstances are found. I wanna point out something in the response brief that counsel filed and he cited to Air Room and he cited to specifically Air Room's criticism of Bonanza in arguing that just because there's bad notice, that's not a reason to relax diligence. If for example, information was withheld from one litigant to another and counsel's pulling this proposition, essentially in the context of discovery where somebody withholds documents from another litigant who later discover them after judgment, that would justify grounds to relax diligence. In this case, it's our position the plaintiff withheld information from the court, which is even more egregious. And again, had the facts been considered that were presented, the corroborated facts supported by documents, receipts, many things, it cuts directly through the heart of the complaint. And it would be such that a court could not ignore, could not ignore that the entire complaint essentially is either inaccurate to say it nicely or borderline fraudulent to say it in a more direct manner. One of the concerns though that the court had Mr. Swyce was that in an affidavit produced from the defendant, Mr. Akilani, he claimed that he became aware of the suit in December of 2021. And the court was concerned that nothing happened. Well, I won't say nothing because he did hire Mr. Rafati, but that the court didn't believe that he acted diligently from that point. Correct. And it's our position that, and I apologize, it was your honest question, what do I recall about? My question is, what's your response to that? The trial court is simply saying that, well, in an affidavit, he stated that he learned of the lawsuit in December of 2021. My response- And the default judgment was not, I didn't mean to cut you off, I'm sorry, but the default judgment was not entered until April of 2022. My response would be that a court reviewing a 14-1 position has to review all of the circumstances attendant to diligence and do equity and to further justice. So in this case, a party who retains counsel is exercising some degree of diligence. Had my client answered the complaint, we wouldn't even be in this position. And so I kind of find the analysis to be slightly flawed when a court simply indicates, well, you didn't file an answer. Well, had I filed an answer, this part of the statute wouldn't even exist because had I filed an answer, the parties would have presumably been at issue. And I think a 14-1 petition is extremely amorphous. It's a petition that you can file in many different contexts, and it means different things in different contexts. For example, I cite to Bonanza simply because that involved the context of a default judgment. Many folks cite to other cases that involve 14-1 petitions being brought after its summary judgment. For example, McGinley Partners versus Royal Properties is one of those cases. And in there, the court indicated you had the evidence the whole time, you participated in this proceeding, and you failed to introduce this evidence. And I think that as an abstract notion needs to be taken into consideration when a court is considering the circumstance of a default judgment. In a default judgment, clearly every single party who's bringing a 14-1 petition failed to present evidence to the court. They've obviously lost by default. And oftentimes that rule is used to shortcut a litigant in saying, well, you didn't bring this defense to my attention. Well, clearly we're in a default judgment situation. And I find that that context is critical to any reviewing court's analysis, and it's context that the trial court failed to consider when rendering its ruling. All right, any other questions? Okay, you reserve a minute and a half. I did. Okay, thank you. Thank you. Mr. Balitsky? May it please the court, Doug Balitsky for the appellees. We're here for review of a denial of a section 214-01 petition. And the standard for the review is abuse of discretion. And I posit that there is no way that this court could find that the trial court abused its discretion in finding that Mr. Al-Khalani was not diligent either before or after the default judgment was. Let's get through that. What about, we went through the timetable. Yes. And I mean, he had a counsel who had a conflict. I mean, the reason for 1401 is your opponent just said is, you know, people don't respond. I mean, that's the reason for it. And so, and there were problems with the complaint and so forth. And, you know, the hearing wasn't until April 12th. So, at least he had until April 12th. And then what happened after April 12th, we went through it. There were conflicts with his counsel. He needed to get a new counsel. And it seems like things took off after that. Well, where's the delay? Well, I take issue with the conclusion that Mr. Rafati had a conflict. Well, that's not before us. Nobody, in fact, your counsel, your co-counsel or whatever, but counsel for the plaintiff, his name is on the drafting of this order. Yes. So, no, that's not an issue before us. But Mr. Rafati, the only evidence we have of this conflict is the order that recites that he was going to investigate whether or not he had a conflict. He never withdrew his appearance. A motion to disqualify him was never filed. And he's filed an appearance in this appeal and is on the Zoom call observing this argument.  Anyone in the United States can observe. So, that's not an issue. So, let's get to what the issue is, please. I don't understand when the order said there's going to be substitution of counsel. I mean, usually if there's a problem with your client, you're not going to put dirty laundry in front of a court and front of the appellate court, and particularly before the other side. So, everything was done, seems to me the way it's usually done. And a new counsel came in. What's the problem with that? So, the conflict was first raised on May 25. And in the May 25 order, the circuit court granted Mr. Al-Khulani 14 days to file a motion to vacate the default judgment and continue the case to July 6. No motion to vacate the default judgment was filed. On July 6, the defendant made a motion. But he did not have counsel to represent him until Mr. Swayze appeared. But Mr. Rafati appeared for him on July 6. It doesn't matter, he withdrew, he had a conflict. He says substitution. We can't ignore that. I don't understand how what you're saying is if somebody has an attorney who apparently is going to be withdrawn, you know, for whatever reason, he appeared in appellate court, that has nothing to do here. We're looking at what happened below, okay? So, below, he withdrew. So, in any event, the conflict was raised on May 25. So, what happened? And the oral motion for substitution wasn't until July 6. That gave Mr. Al-Khulani plenty of time to find replacement counsel. He did, he did. And after July 6, it took him over a month to find counsel. And it's still, I understand the trial court entered a finding that Mr. Swise acted diligently once he was retained. But Mr. Al-Khulani was not acting diligently from May 25 when he was informed of the conflict. Nor, as the trial court found, did he act diligently before the default judgment was entered. Where are the findings? I didn't see any findings. In the circuit court's recitation of the basis for its ruling, the judge said, I find that, I'm not quoting verbatim, but it's in the transcript. I find that Mr. Al-Khulani was not diligent before the default was entered and was not diligent after the default was entered. Yeah, but that's a conversion. And what are the facts that he was basing that on? Well, the facts that Mr. Al-Khulani was aware that he'd been sued, that he submitted an affidavit stating that, I think it was in December of 2021, he started looking for an attorney. He was given notice of the plaintiff's motion for entry to default judgment actually was given notice twice. The notice of motion that was sent out on March 9, 2022 was served on Mr. Rafati as well as Mr. Al-Khulani. So the defendant, Mr. Al-Khulani, not only had noticed that he was sued, not only understood that he'd been sued, even though he was confused by a couple of allegations in the complaint, retained an attorney, was given notice of the motion for entry to default judgment, and for whatever reason, did not appear in court on April 12, 2022, nor did his attorney, Mr. Rafati. Mr. Rafati didn't appear until May 25, 2022, when there was a subsequent motion brought to serve the other defendant by special order of court. Wait, he didn't have an attorney, Mr. Al-Khulani did not have an attorney of record on April 12th, did he? On April 12th, Mr. Rafati had not entered an appearance, but he was given, Mr. Rafati was given notice of the- It doesn't matter if he was given notice. It doesn't matter if he's given, you can give notice to anybody in the world. It doesn't matter if it's not the attorney. Until you get their attorney, he's not the attorney. I don't understand it. Where's the rule? Having a case that says you can give notice to somebody who might be the attorney, or maybe not. We don't know, he didn't have an appearance. Mr. Al-Khulani is arguing that the due diligence requirement should be relaxed in this case because of equitable circumstances. And he's citing cases where the plaintiff did not give notice of what was going on, otherwise sought an unfair advantage. I understand, but I'm asking you about what you just said. You said they gave notice to Mr. Rafati. I'm saying that he didn't have an appearance here. I don't know what his connection, if any, would have been at that time, and neither do you. So how is that relevant? Tell me a case that says that's relevant. The notice to Mr. Rafati is not relevant in terms of its legal efficacy. Notice was given to Mr. Rafati and Mr. Al-Khulani. So they both had noticed that the motion was going to be presented April 12th. All right, so the only one that's relevant is what you're saying is the one to Mr. Al-Khulani, right? Right, but my point is that Mr. Al-Khulani is attempting to argue that the plaintiff obtained some sort of unfair or unconscionable advantage in this case. When the opposite is true, the plaintiff bent over backward to give Mr. Al-Khulani notice. It wasn't required to give him notice of the motion for default judgment. He did. He gave Mr. Rafati notice, even though Mr. Rafati didn't have an appearance on file, as a professional courtesy, the notice was given to Mr. Rafati. Nobody showed up on April 12th. So he could have still filed a 1401 motion whether he had received notice or not, correct? And so because you gave him notice, that makes it worse? It makes his lack of diligence worse. He has no excuse for not answering the complaint before April 12th. And he has no excuse for not showing up in court. Well, he didn't know if he had an attorney. I mean, people sometimes do not show up. This is not an uncommon thing, right? That's why there's 1401, and it's two years. Okay, and many times it's not as quick as this. But more importantly, let's talk about the April 12th. I've checked the docket. I didn't see a transcript. Am I missing? Is there any transcript of what happened on April 12th? There's no transcript in the record. I wasn't there, so I can't tell you what happened. Okay, well, the only thing that we know is what's in the order. And so the order does not say anything about a prove-up. So we have to assume there was no prove-up. Now, the question then becomes, and to me, this is the key question that I'd like you to answer. I think it all comes down to this question. Without a prove-up, how are the plans entitled to any amount of money? So this goes to the, one of the three prongs of relief under section 2-1401, which is the existence of a meritorious defense. But before you get to the existence of a meritorious defense, you have to satisfy the other two prongs, which is due diligence before the order was entered and due diligence after. I'm still talking about how you can get a prove-up. A complaint are allegations. The facts must be proved up. And there are uncontested affidavits, as we've heard from Mr. Afani. So the question then is, what's on the other side? And there is no evidence of a prove-up. How can you get a $250,000 judgment for punitive damages when there's no prove-up? Explain that. There must have been something that occurred that day that satisfied the judge, which is all I can say. Well, but it's not in, we have no evidence of a prove-up. And so without that prove-up, the losses, you can have the hearing and the prove-up the same day. That's not the issue. But how, tell me how you get a, you get a default judgment, but then you have to prove up the amount, right? It's a two-step process. My question again is, on the second step, you're saying, I don't know. There is nothing in the record to say anything. Again, I do not have an explanation for what happened in court on April 12th. I was not there. I certainly am not disagreeing with you on the law with respect to prove-ups and default judgments. However, before we can get to that point, we have to have an appropriate 214-01 motion. And only one prong of a 214-01 analysis is the meritorious defense. Had Mr. Al-Khulani been more diligent in either answering the complaint or coming in to vacate the judgment, then we could reach this issue. But the trial court found that he was not diligent and that was not an abuse of discretion. There's nothing- Mr. Kravsky, let me ask you, is it correct that the first and only court appearance was April 12th, 2022? That was the first court appearance. And that was the day of prove-up, well, purported prove-up. But was there any other court appearance between the filing of this complaint and that date that the court ordered almost a half million dollars in damages? I don't believe that there was a court appearance before that. There were motions for default judgment filed and noticed for hearing and then not presented. But I believe that was the first time the case was in court, yes, on April 12th. And you weren't there. Do you know who was there on April 12th? Attorney for the plaintiff, Don Siegel. Was the plaintiff themselves there? I do not know. So we have an order that says punitive damages without any testimony, without affidavits, without prove-up documents. There is nothing in the record to support the amount of damages or punitives. Is that correct? Other than the complaint and what's in the record, that's correct. Well, when you say, and that was a question, is there, the justice's question, is there anything in the record? And you just said the complaint and the record. Besides the complaint. There's nothing in the record other than the complaint. Okay. So moving on, if there aren't any more questions, the, Mr. Al-Khulani is arguing for a different standard than recognized by the Illinois Supreme Court in the heirloom case for relief under section 214.01. He's essentially seeking a balancing test to balance the merits of his defense against his diligence in presenting those defenses. But the heirloom case provides a three-step process, not a balancing test, and not a one-step process where we only look at the merits of the defense. To get relief under section 214.01, Mr. Al-Khulani would have had to shown diligence in, diligence presenting his defense or claims to the circuit court in the original action and due diligence in filing the section 214.01 petition for relief afterward. The trial court reviewing the entire record and most especially Mr. Al-Khulani's affidavit came to the conclusion that Mr. Al-Khulani didn't satisfy either of the two due diligence requirements. And to overturn that, you would need to find an abuse of discretion. And I simply don't see it based on the record in this case. Mr. Al-Khulani was served. He knew he was served. He knew he was sued. Even if you take his, the allegations in his affidavit that he was confused by the misspelling of his name in the case caption, but not on page one of the summons and that the complaint referred to a property he didn't recognize. He knew he'd been sued. He started looking for an attorney, I believe his affidavit it doesn't, it's not specific. It says subsequent to receiving the summons, I searched for and retained an attorney represent me. That's paragraph 56 of his affidavit. Paragraph 57, I retained attorney Fadi Rafati to represent me in this matter. It doesn't say when he did it. We believe that the fact that Mr. Rafati was given notice of the motion in March indicates that he was retained sometime prior to March and informed Plaintiff's counsel that he was retained. But as I've stated before, both Mr. Rafati and Mr. Al-Khulani were given notice of the motion for default judgment on April 12th and neither one of them showed up. So that is a lack of diligence before the April 12th order was entered, regardless of its merits. And then afterward, they didn't even come in or file an appearance for almost two months on May 25. And that's a lack of diligence after the order was entered. All of the cases cited by the appellant in this case concerning the relaxation of the due diligence requirement or equitable considerations, focus on misconduct or an unfair advantage by the plaintiff. There was none here. The plaintiff gave Mr. Al-Khulani and Mr. Rafati notice several times of the motion for default judgment. The plaintiff never filed a motion to disqualify Mr. Rafati for a conflict. Mr. Rafati never withdrew his appearance in the case and in fact has appeared once again in this appeal. He filed his appearance in the appeal. I've recited the date before, but I think my microphone might've been muted. So is it correct though, Mr. Bilaswi? Yes, I said it correctly, Bilaswi. That is it correct though, that it was Mr. Segal who raised the issue of a conflict for Mr. Rafati and he said he would investigate based upon Mr. Segal's suggestion. I don't know who raised the conflict. It's not clear in the record, but no motion to disqualify was ever filed. Yeah, well, it's not clear in the record because we don't have very many transcripts here. I think the first one we have is from January 25th of 2023.  Let me ask you, council made the point to say that there's no millet hurry affidavit attached to your motion for default. Is that fatal to the motion for default? In other words, if the default itself was inappropriate and improper, so it's like a house of cards where everything else falls, including the monetary judgment. Well, I'd like to point out that the lack of a military affidavit was not raised as an error on this appeal. And the trial court addressed that issue. It's actually toward the end of the transcript where the trial court noted that the lack of a military affidavit was inconsequential because Mr. Al-Khalani was not in the military. So it wouldn't have mattered one way or the other. That's the way the trial court dealt with that issue. When you talk about those equitable considerations and you say there are none here, are we so sure about that? We had a complaint that wasn't signed. It was served. There were some technicalities along with the summons. First date up, we've got a huge judgment against somebody who's not even present. Are we concerned about that at all? We didn't have a plaintiff who was there. At least there was no record of anybody testifying. And when you say, you know, in these other cases, we have real equitable considerations. Here, we don't have a single document to support or quantify the amount of damages or the reason for the punitive damages. So isn't that on par with some of these other cases that are cited for a reason to relax due diligence? So you've asked about the equitable considerations. The summons clearly identified Mr. Al-Khalani on page one in the section of the summons that says name a defendant to be served. His name was spelled correctly right there. There's no question that Mr. Al-Khalani knew that he'd been served. And he did not answer the complaint. He did not raise- I understand that. I understand all that. But when we're talking about the balance of equities, we have a case. It's the very first time up and there is a almost a half million dollar judgment entered against somebody. Even if we say he knew he was being sued at the time, he didn't show up on the date of default. He did show up in some form or fashion shortly thereafter, albeit didn't file the motion until a few months later. When we talk about the balance of the equities and we talk about the severity and the rarity of punitive damages and you stand here and acknowledge that there is nothing in the record to support that figure or that reason, wouldn't that just say that the equities here would favor a relaxation of due diligence so that this could go back down for Mr. Al-Khalani to present his defense? So I think that if the plaintiff had gone into court without giving the defendant notice and tried to pull a fast one to get a default judgment entered, that perhaps there'd be equitable grounds to relax the due diligence requirement. But in this case, the defendant and his erstwhile attorney were given notice of the motion and they had every opportunity to come to court on April 12th and either request leave to file an answer, to contest the default, to contest the prove up, and they did not do that. There was a conflict. There was a problem. Let me ask, when it comes to making a default judgment, it can be reversed because you said abuse of discretion, right? Do you agree? And it also can be reversed, do you agree, because of the denial of substantial justice, right? It's another product, denial of substantial justice. I think that there has to be a component of bad faith or a lack of notice. The denial of substantial justice, according to the case law, what you look at is the severity of the penalty to defendant as a result of the default judgment. And I think a half a million dollars would satisfy the severity of the penalty for being a little late. In the attendant hardship on plaintiff, the plaintiff is required to proceed to trial on the merits. There is nothing in the record that shows any hardship, is there? No, but if that were the standard, then we would not need to do diligence requirement at all because every default judgment is a hardship on the defendant. Not necessarily. Not every is a hardship on the defendant. But it talks about $250,000 in punitive damages. Yeah, I think that because of the rarity and the willfulness that needs to be part of that, we have a different question. So we have both of those in this judgment and we also had nothing in the record to show there was even a prove up. So yeah, I think that you have to take the facts in this case. And unless I'm missing something, why wouldn't that show the hardship? Well, I certainly understand your point, Your Honor, but the standard is not to balance the hardship against the diligence. The Supreme Court has rejected a standard like that. Instead, the standard is a meritorious defense, diligence before the order was entered and diligence after the order was entered. And the determination of diligence. I have to disagree that you can vacate a default judgment. Supreme Court of Illinois has said it because of the denial of substantial justice or because of an abusive discretion. Now, my understanding, that's the law. Again, I believe that for the due diligence requirement to be relaxed, there needs to be a failure to give notice or other unconscionable conduct on behalf of the plaintiff. And that is not in this case. Well, let me just ask you two really quickly, though, because there's two things that's a little troubling for me is that there's also nothing in the record. Now, there's two things. There's nothing in the record showing that Mr. Al-Khalili ever received notice of that default hearing on April the 12th. And there's also the issue, you say that the notice was sent to his attorney, but on April 12th, Mr. Rafati had not filed an appearance yet. His first appearance was on May 25th. So he wouldn't have been his attorney anyway on April 12th, unless there's some other way that you know of that we're not aware of, which assumes that he was his attorney on April 12th. So, Your Honor, respectfully, we included in the appendix to our brief at page A6, the first notice of motion for default judgment that was originally set for February 1. That notice was sent to Mr. Al-Khalili. Page A7 of our appendix is the second notice of motion for default judgment that's calling for the hearing on April 12th. That notice was sent to Mr. Al-Khalili, Mr. Rafati, and the other defendant, Mr. Woods. So the evidence of notice going to Mr. Al-Khalili is in the record and it's in the appendix. And so Mr. Rafati was his attorney on April 12th or do we know? Because his first appearance was on May the 25th and he actually didn't file an appearance at that time. I guess he did because he appeared. So he had to step up. So I'm working inductively. The only reason that Mr. Rafati would have been included on this notice is that he had, in all likelihood, identified himself as the attorney for one or the other defendants. But in any event, even though he had not filed an appearance, Mr. Al-Khalili was also given notice of the motion for default judgment. On April 12th. And it's only their own negligence or inattentive or inattentiveness or whatever reason that neither Mr. Al-Khalili, Mr. Woods or Mr. Rafati showed up on April 12th to contest the entry of a default judgment. It is not the plaintiff's fault. It's not unconscionable conduct on part of the plaintiff. Notice was given. Notice was given to an attorney who hadn't even filed an appearance. Any other questions? I, I, Justice Gomrock might be muted. You're, you're muted. Justice. Hello. Now we can hear you. Okay. So the notice of motion for default. I'm looking at the record, which is why my head is turned. I'm working off of multiple screens.  But direct me to the notice was given to Mr. Al-Khalili because I have one that says it's going to be held February 1st. And then where is the one that says it's going to be held in April? If you're looking at the record, it's page C63. Just bear with me because I have a question about that. And you gave us an A number earlier, A7.  I had included that notice motion in the appendix, but obviously it's also in the record at C63. And so it says, so it says that this is sent by emailing and or mailing to the addresses, but it doesn't say  a date that it was done, does it? No, it does not. And is this good service if we don't know what day it was sent? I think it's good service, even though we don't know what day it was sent. Why is that? Because you're so strict on the, everybody should appear and do everything correctly. We have all these errors going on. I will again reason deductively. This notice of motion was filed on March 9, 2022. The certificate of service was signed when this was filed. And so it only makes sense that this was served on or before March 9 of 2022. We also don't know that because the certificate of service does not have the date that it was actually signed on. That's correct. So we don't even know if it was put in the mailbox. That might be the reason they never showed up. How do we know? The certificate does say that it was served at the addresses shown on the notice, just not with a date. And the person who signed it said that she served it. No, no, but she didn't put a date. You have to, the important part is to send it and there's no date. And maybe it's quite a possible that nobody showed up because they didn't know about it. That's a possibility too, isn't it? And frankly, no date. It could have been actually after the April 12th date. Frankly, in the record, one of the complaints in the 214.01 petition was that Zoom information was not given with this notice of motion, not that it wasn't received. So I think it is a fair assumption that Mr. Al-Khalani and Mr. Rafati received the notice of motion and were complaining that it didn't contain Zoom information, not that they didn't receive it. It still doesn't explain the fact that whether they received it or not, if it's inappropriate, it's inappropriate under the rules. And I believe the rules say it has to be dated. If I'm wrong, I mean, we want certain rules applied. We don't want all the rules applied. I'm not disagreeing that the rules require the Certificate of Service to be dated. I will point out that the legal adequacy of the Certificate of Service was not raised on the appeal. And that argument has perhaps been waived, but I understand Your Honor's attentiveness to this issue. It appears that my time is up. So if there are no more questions, I will conclude. I believe that the 2-1401 petition was properly denied. Okay. Thank you very much, Mr. Swyce. You have a minute and a half. Errors on the face of the record that render a judgment void are appropriately vacated. Judgments pursuant there to appropriately vacated under Section 1401. Absolutely no due diligence would be required in such a case. As I indicated in my initial argument, 1401 petitions are somewhat amorphous. They can take on many different shapes and many different forms, depending on the issue.  I think what Mr. Bielanski is arguing is that he knew he was sued and based upon his affidavit, we know that he knew he was sued as of December of 2021. Also, he knew that a default judgment had been entered against him. We know that he knew that as of 5-25-22 because Mr. Rafati appeared on his behalf on that day. So after that, there was not a motion filed until after you entered the case and your motion was not filed until September of 2022. Right. And that's where he's arguing that there was no due diligence either before the entry of the default, no due diligence after the entry of the default. And why should we now relax the due diligence rule and find that this matter should go back and be heard on the merits? Because the failure to weigh facts and apply the proper criteria on a 1401 petition is grounds for abusive discretion. Your honor is raising a question pertaining to the fact-based side of the petition and the reasons why you should reduce relax the due diligence standard in this case is because the record shows that corroborating epidemics were provided that would absolutely impugn the integrity of the original lawsuit. We have circumstances attendant prior to the entry of judgment and subsequent to the entry of judgment that I think are irregular. And those circumstances prior to the entry of the judgment include the notice of motion, both in its form and its substance. We didn't bring up the fact that no Zoom information was provided. And I'm pretty sure that the court's standing order regarding COVID-19 accommodations for lack of a better word were still in effect. Certificate of service is not signed. There's absolutely no evidence of prove up ever took place in violation of the court's own standing order. And there is nothing in the record even indicate what was proved up if a prove up ever took place. And these are all bases to grant a 1401 petition. Diligence doesn't attach to every one of these bases. And that's what I'm trying to, I guess, make clear. If there is an issue of law that would render a judgment void, for example, a default judgment being a two-part process of having the entry of a default and then a subsequent prove up in order to create a default judgment. If those steps are not followed, then the argument would be the judgment is void. Diligence wouldn't even factor into that analysis. But if we do get into the facts and we do look at the fact-based petition, we do have to view the facts that were presented in the petition. And the court failed to do so altogether. Courts simply dismissed the facts in place of saying, well, you weren't diligent enough. And I think the function of diligence and whether or not that center is ever relaxed is a function of looking at the totality of the circumstances, which includes the facts that are presented in the petition. And of course, the facts attended around the circumstances giving rise to the judgment and the subsequent conduct. In the Paul case, more than six months passed before that plaintiff filed their 1401 petition and the court still found diligence. There's other examples cited in Paul where parties took less time and were found not to be diligent. And I think it's simply because the Supreme Court's trying to illustrate that the circumstances attended are very important for a court to consider. They just weren't considered here. The attorney that was retained pre-judgment, which I think does demonstrate diligence, was conflicted and didn't even undertake any steps to further his representation or withdraw his representation until at least July the 6th. And I think those circumstances should factor into the court's analysis on the fact-based side of the petition. And for the reasons stated in our brief and the arguments made here today, we feel the trial court's decision should be reversed and the matter should be remanded to the trial court for further proceedings. I want to thank both of you. We've asked some very tough questions to both sides. And usually we take 40 minutes. We took almost an hour and 10 minutes here. So we had a thorough discussion and I appreciate that. I appreciate your briefs. We'll take it under advisement and be ruling accordingly.